**Fernando Reyes AMBULO; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–71940.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 6, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Sydney J. Hall, Esq., Law Offices of Sydney Jay Hall, Burlingame, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark L. Gross, Esq., Emily H. McCarthy, Esq., U.S. Department of Justice, Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

### MEMORANDUM **

Fernando Reyes Ambulo and Lolita Espiritu Ambulo, natives and citizens of the Philippines, petition for review of the Board of Immigration Appeals' decision affirming without opinion an Immigration Judge's ("IJ") order denying their application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Lim v. INS*, 224 F.3d 929, 933 (9th Cir.2000), and we deny the petition.

Substantial evidence supports the IJ's determination that petitioners did not establish a well-founded fear of future persecution because, as the IJ noted, they remained in the Philippines unharmed for several years after receiving a threatening letter from the New People's Army. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000) (concluding that petitioner did not establish a well-founded fear of future persecution where she remained in Fiji for

** This disposition is not appropriate for publication and is not precedent except as provid-

approximately two years after isolated incident of harm). Furthermore, substantial evidence supports the IJ's conclusion that petitioners could safely relocate within the Philippines. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998–999 (9th Cir. 2003).

Because petitioners cannot meet their burden to demonstrate eligibility for asylum, they necessarily fail to meet the more stringent standard for withholding of removal. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir.2004).

In the opening brief, petitioners failed to raise, and therefore have waived, any challenge to the IJ's determination that they are ineligible for CAT relief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

### PETITION FOR REVIEW DENIED.